## WHEELER & al. vs. FISH.

The lien created by an attachment of goods on the original writ, will be dissolved, if the goods be not seised on the execution within thirty days after the rendition of judgment, under the provisions of *stat.* of 1821, *ch.* 60.

THIS was an action of *replevin* against an officer, for a quantity of hay, and the only question in the cause was, whether the lien created by an attachment of the hay on the original writ, was dissolved; the hay not having been seised on execution

within thirty days after rendition of judgment ; though the execution was placed by the attaching creditor in the hands of the officer, within that time.

The Chief Justice instructed the jury that the attachment was dissolved, and a verdict was returned for the plaintiff. If the jury were not properly instructed, the verdict was to be set aside and a new trial granted ; otherwise judgment was to be rendered thereon.

*Bradbury* and *Bridge,* contended that the suing out of the execution, and placing it in the hands of the attaching officer, within thirty days from the rendition of judgment, was sufficient to preserve the lien, and relied upon the case of *Webster* v. *Coffin,* 14 *Mass.* 196, in support of that position.

*Emmons,* for the plaintiff.

Weston C. J. — The question presented to our consideration is, whether the lien, created by the attachment on the original writ, was dissolved ; the property not having been seised on execution, within thirty days after the rendition of judgment. And we are of opinion that it was. The lien depends for its existence altogether on the act respecting the attachment of property. *Statute of* 1821, *ch.* 60. That provides, that the goods attached shall be held thirty days after final judgment, to be taken on execution. It is implied, of course, that the lien would have no efficacy after that period. But that there might be no room for misapprehension, as to the intention of the law, it is further expressly provided, that if the creditor shall not take the goods in execution within thirty days, the attachment shall be void. This was not done. We cannot, therefore, adjudge the hay further holden by the attachment, without directly violating the law. The creditor having put the execution seasonably into the hands of the officer, and he having failed in his duty, has an adequate remedy against him and him only ; the hay having in the mean time been sold to the plaintiffs.

The case of *Webster* v. *Coffin,* cited for the defendant, differs essentially from this. *Coffin* had promised as receipter, to deliver the ship attached to the plaintiff on demand, without limitation as to time. As this, however, is taken for the officer's indemnity,

he is not permitted to charge the receipter, unless he is liable to the creditor. The officer's liability being fixed in that case, the court held it not necessary to charge *Coffin* upon his contract, that a demand should be made upon him, within thirty days after judgment.

*Judgment on the verdict.*